IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDELL HUDSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 20 C 5663 |
| v. ) | |
| ) | Judge John Z. Lee |
| THE CITY OF CHICAGO; ) | |
| M.C. GAINES (STAR #6030); ) | |
| F. DOMINGUEZ (STAR #18013); ) | |
| Y.M. WOOTEN (STAR #667); ) | |
| RILWAN MARTINS; ) | |
| MOUSSA SOUKOUNA; and ) | |
| MASJID AL FAROOQ, ) | |
| ) | |
|     Defendants. ) | |

**<u>ORDER</u>**

Now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B) is Plaintiff's amended complaint. For the following reasons, the complaint may proceed in part. Plaintiff's single claim of false arrest on January 16, 2020 survives against the Defendant Chicago police officers, while all other claims and Defendants are dismissed without prejudice. Plaintiff may either proceed on the claim sustained in this Order or attempt to replead his claims, including those dismissed in this Order, in a second amended complaint. If Plaintiff elects to submit a second amended complaint, it must be filed by November 25, 2020. And because a second amended complaint would replace the amended complaint, Plaintiff would have to replead all of his claims, including the claim sustained in this Order. Finally, Plaintiff's renewed request for attorney representation is denied without prejudice.

**STATEMENT**

Plaintiff's amended complaint asserts claims under 42 U.S.C. § 1983 for violations of his First, Fourth, and Fourteenth Amendment rights in connection primarily with an allegedly false arrest for assault—premised on a threat to blow up the Masjid Al Farooq mosque, on the South Side of Chicago—on January 16, 2020. *See* Am. Compl. ("AC") ¶¶ 1, 5, 8, 11, 13, 15, ECF No. 11; Pl.'s Ex. 1, 1/16/20 Arrest Report ("Arrest Report") at 1–2, ECF No. 11. Unlike Plaintiff's initial complaint, the amended complaint asserts these claims against a variety of Defendants: the City of Chicago; three Chicago police officers: M.C. Gaines (Star #603), F. Dominguez (Star #18013), and Y.M. Wooten (Star #667); and three private individuals or entities: Rilwan Martins, executive director of the Masjid Al Farooq mosque; Moussa Soukouna, president of the mosque; and the Masjid Al Farooq religious institution itself. *See* AC at 1; *id.* at ¶¶ 3, 4, 8, 11–13; Arrest Report at 2–3.

The amended complaint "fails to state a claim on which relief may be granted" as to the majority of these Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As to a municipal entity like the City of Chicago, liability under § 1983 requires a showing that the alleged deprivations of constitutional rights were caused by the City's own "official policies" or "customs." *Strauss v. City of Chi.*, 760 F.2d 765, 766–67 (7th Cir. 1985); *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692 (1978). And here, Plaintiff fails to state, let alone show, that any the City's official policies or customs caused the alleged deprivations of his constitutional rights.

Martins, Soukouna, and Masjid Al Farooq must each be dismissed for several reasons. As the Court noted in dismissing Plaintiff's initial complaint, *see* 10/7/20 Minute Entry, ECF No. 10, liability under § 1983 requires "state action," or the action of "State actors." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) (cleaned up). Liability under § 1983 also requires "personal involvement in the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). As a result, private individuals or entities can be sued under § 1983 only in certain limited circumstances, such as when private individuals "conspire or are jointly engaged with state actors to deprive a person of constitutional rights" or where "the state controls a nominally private entity." *See Hallinan*, 570 F.3d at 815–16. The joint action exception "requires evidence of a *concerted effort* between a state actor and th[e private] individual." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (cleaned up).

Here, Plaintiff fails to show that any private individual or entity can be sued under § 1983. For starters, a private entity like the Masjid Al Farooq institution could be sued under § 1983 only if it was operating in a public capacity *and* its official policy or custom was responsible for the constitutional deprivation, as with a public entity (like the City of Chicago). Plaintiff does not allege either of these conditions. And to the extent he names the mosque as a stand-in for the individuals personally involved in the alleged deprivations, *see* AC ¶¶ 8, 11–12, the Court reiterates that, "under § 1983, a plaintiff may not rely on the doctrine of respondeat superior" to hold an entity liable for the misconduct of its agents. *See Doyle*, 305 F.3d at 614.

3

As to Soukouna, the mosque's president, Plaintiff fails to show that the conduct attributed to him—false testimony on the date of Plaintiff's arrest (yet in an unspecified setting) that Plaintiff was renting an apartment at 7233 South Kimbark Avenue,[1] *see* AC ¶ 11, and false testimony again on February 3, 2020, in state criminal court, that Plaintiff had threatened to blow up the mosque,[2] *see id.* ¶ 12—was undertaken in concert with state actors or even that it caused any deprivation of his constitutional rights. Lastly, as to Martins, while the complaint implies that he was the victim of the assault for which Plaintiff was arrested on January 16, *see id.*, Plaintiff fails to allege any wrongful conduct on his part.

That leaves the Defendant Chicago police officers. Plaintiff alleges that, on January 16, the officers arrested him "without probable cause," that they "fabricated" the police report, and that Plaintiff was not then violating any laws. *See* AC ¶¶ 5–7. These allegations "must accept as true" at this juncture, *see Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019), and are sufficient to state a single claim for false arrest, in violation of the Fourth Amendment. That includes Plaintiff's request for punitive damages. AC ¶ 15; *see Erwin v. Cnty. of Manitowoc*, 872 F.2d 1292, 1299 (7th Cir. 1989) ("A jury may award punitive damages against persons in § 1983 actions when it finds conduct motivated by evil intent or involving reckless or callous indifference to the federally-protected rights of others.").

---

[1] The Court notes that Plaintiff has himself listed the same address as his current address in this case. *See* AC at 5.

[2] The complaint alleges that the charge on which Plaintiff was arrested on January 16, 2020 "was later dismissed," but does not provide details. AC ¶ 11.

That said, Plaintiff has not adequately alleged any *other* claims against the Defendant officers. To the extent the complaint suggests claims arising out of allegedly false arrests and false charges that occurred back in 1992 and 1994, *see* SAC ¶¶ 9–10, the statute of limitations has long since expired, *see Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989) (per curiam) (recognizing that the statute of limitations for § 1983 claims under Illinois law is two years). And while Plaintiff asserts that his First Amendment rights were also violated, *see* AC ¶ 14, he fails to plausibly allege any such violation. Notably, the alleged defamation that Plaintiff appears to have in mind here, *see* AC ¶ 12–13, does not amount to a violation of the First or the Fourteenth Amendments. *See Paul v. Davis*, 424 U.S. 693, 711–12 (1976) (addressing the Fourteenth Amendment); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–42 (1974) (addressing the First Amendment). Finally, while Plaintiff suggests a Fourteenth Amendment due process claim premised on the officers' confiscation of unspecified property, *see id.* ¶¶ 8, 14, he fails to allege that he was not provided an adequate post-deprivation remedy for any such loss of property—an essential element of such a claim, *see Boyd v. Anderson*, 265 F. Supp. 2d 952, 968 (N.D. Ind. 2003).

Finally, Plaintiff's renewed request for attorney representation, *see* AC at 1, is denied without prejudice. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en

5

banc). Thus, as the Court noted in denying Plaintiff's previous motion for attorney representation, *see* 10/1/20 Minute Entry, ECF No. 9, Plaintiff must make a reasonable effort to obtain counsel on his own, or show that he has been effectively precluded from doing so, before asking the Court to recruit counsel for him. Moreover, while the Court has sustained part of Plaintiff's amended complaint, this case remains in a relatively early stage; and given the relative simplicity of the surviving false arrest claim, the Court finds that Plaintiff still does not require the assistance of counsel to proceed at this time.

**IT IS SO ORDERED.**          **ENTERED  10/28/20**

*[signature: John Z. Lee]*

_____

**John Z. Lee**
**United States District Judge**