IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 C 5663 |
| | ) | |
| MICHAEL GAINES (Star #6030), | ) | Judge John J. Tharp, Jr. |
| FERNANDO DOMINGUEZ (Star #18013), and YVETTE WOOTEN (Star #667), | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Statement below, the defendants' motion to dismiss [25] is granted. The plaintiff's amended complaint [11] is dismissed with prejudice. Judgment will be entered in favor of the defendants. Civil case terminated.

## STATEMENT

According to the amended complaint,[1] on January 16, 2020, police received from Rilwan Martins, the manager of Masjid Al-Farooq, a mosque in Chicago a report of a bomb threat. Am. Compl. ("Compl.") ¶ 5, ECF No. 11. Martins told police that someone in a red minivan had threatened to blow up the mosque. *Id.* The defendants responded and, according to the arrest report,[2] found Hudson sitting inside a red minivan parked in front of the mosque. Compl. Ex. 1, 1/16/20 Arrest Report at 2, ECF No. 11. The report states that, when the defendants approached, Hudson exited the van, made multiple statements critical of the mosque (of which he claimed to be a member), and said that "they will have to kill him to get him out of" an apartment that he rented from the mosque.[3] *See id.* The defendants arrested Hudson without incident and took him into custody. *Id.* The report further states that a witness told the responding officers that Hudson was a tenant in a property the mosque owned, and the mosque had secured an eviction notice against him earlier that day. *Id.* According to the witness, Hudson was upset with the eviction

---

[1] The following well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016).

[2] The Court takes notice of the facts in Hudson's arrest report because it is attached to his amended complaint and central to his claim. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

[3] According to the police report, witnesses later told the defendants that Hudson was a tenant in a property owned by the mosque, and that earlier on the day of the incident, the mosque had served Hudson an eviction notice, which had made Hudson upset. 1/16/20 Arrest Report at 2.

notice and relocated to the mosque where he threatened to "shoot the people when they come out of the mosque and burn it down." *Id*. Martins, the manager of the mosque, filed a criminal complaint against Hudson for threatening to blow up the building that same day.[4] For the alleged threat, Hudson was charged with assault in violation of 720 Ill. Comp. Stat. 5/12-1(a). Compl. ¶¶ 5, 11; *see* 1/16/20 Arrest Report at 1. The charges were later dismissed. Compl. ¶ 5.

Hudson claims that he was arrested because the defendants fabricated evidence against him. Specifically, Hudson claims he was not inside a red minivan at the time the defendants arrived at the scene, and the defendants falsely included that fact in the police report. *Id.* Hudson argues that this fabrication caused him to be arrested without probable cause in violation of his Fourth Amendment rights. *Id.*

To remedy this alleged wrong, Hudson filed this lawsuit against the defendant police officers, the City of Chicago, Masjid Al-Farooq, Martins, and Masjid Al-Farooq's president, Moussa Soukona. *See generally* Compl. In screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court held that Hudson stated a plausible false arrest claim against the defendant police officers and dismissed without prejudice all other claims against all other defendants.[5] *See* 10/28/20 Order at 1, ECF No. 12. The remaining defendant police officers have moved to dismiss the surviving claim under Federal Rule of Civil Procedure 12(b)(6).

To survive such a motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

When considering a motion to dismiss, courts "accept the allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 307 (7th Cir. 2021) (cleaned up). But "allegations in the form of legal conclusions are insufficient," as are "[t]hreadbare recitals of the elements of a cause

---

[4] The Court considers Martins' criminal complaint against Hudson, attached as Ex. 1 to Defs.' Mot. to Dismiss, as part of the pleadings even though Hudson attached it to his first complaint but not the operative amended complaint. "It is also well-settled in this circuit that 'documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" *188 LLC*, 300 F.3d at 735 (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Here, Hudson's operative complaint refers to Martins' criminal complaint, Compl. ¶ 11, and it is central to his allegations regarding the false arrest.

[5] The Court provided Hudson a second opportunity to amend his complaint, which he did not exercise. ECF No. 12, 10/28/20 Order, at 1.

of action, supported by mere conclusory statements." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

The Court begins by noting that Hudson has not filed a response to the defendants' motion to dismiss. As the defendants see it, that ends the matter, because "even a complaint that passes muster under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) can be subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint" in response to a Rule 12(b)(6) motion to dismiss.

The Seventh Circuit has squarely held otherwise. In *Marcure v. Lynn*, 992 F.3d 625 (7th Cir. 2021), the Court vacated a district court's dismissal of a complaint pursuant to Rule 12(b)(6) that was predicated upon the plaintiff's failure to respond to the motion. Explaining that the moving party bears the burden to prove that no legally cognizable claim for relief exists, the Court held that the mere failure of the plaintiff to affirmatively oppose the motion does not excuse the movant from meeting that burden. *Id*. at 631; *see also Swofford v. Jordan,* 2022 WL 2829762, *2 (7th Cir. July 20, 2022) ("We recently clarified that district courts cannot rely solely on the plaintiff's lack of response as the reason to grant a motion to dismiss."). The defendants do not mention *Marcure*, and rely instead on several cases that predate *Marcure*.[6] To the extent that those cases hold that failure to respond to a motion to dismiss constitutes ground to grant the motion, however, those cases do not survive *Marcure*, which was circulated to the entire court of appeals with no objection raised and therefore constitutes the law of the Circuit. *Marcure*, 992 F.3d at n.3; 7th Cir. R. 40(e).

In any event, courts have discretion to excuse a plaintiff's failure to respond. *See Alioto*, 651 F.3d at 722 ("Our rules on waiver leave us discretion to excuse mishaps." (cleaned up)). This is especially true here because Hudson is a *pro se* plaintiff. The procedural rules still apply to *pro se* litigants, *see Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)), but "it is incumbent on [the Court] to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Indeed, "[a] *pro se* plaintiff who has alleged well-pled facts supporting a claim for relief can withstand dismissal without responding to a motion to dismiss." *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) (holding that a district court did not err by failing to advise a *pro se* litigant of the consequences of failure to respond to a motion to dismiss because in such cases "[t]he plaintiff can simply rest on the assumed truthfulness and liberal construction afforded his complaint."). The Court accordingly declines to dismiss Hudson's complaint on waiver grounds.

The defendants' substantive argument for dismissal is that the complaint's factual allegations establish they had probable cause to arrest Hudson. Probable cause to arrest is a complete defense to a § 1983 claim for false arrest. *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006). To determine whether a defendant had probable cause to justify an arrest, courts ask

---

[6] *See Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019) (waiver rule "applies when a party fails to develop arguments related to a discrete issue."); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (stating that a complaint may be subject to dismissal on waiver grounds "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." (citing *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005)).

3

whether "the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013).

Because of the fact-laden nature of the inquiry, a probable cause determination in a § 1983 case is often inappropriate at the motion to dismiss stage. *See, e.g.*, *Guzell v. Hiller*, 223 F.3d 518, 522 (7th Cir. 2000) (reversing as "premature" district court's dismissal of § 1983 false arrest case on probable cause grounds); *Neita v. City of Chi.*, No. 19 C 595, 2019 WL 5682838, at *3 (N.D. Ill. Nov. 1, 2019) (collecting cases). Nevertheless, it is still possible for a plaintiff to "plead himself out of court" in a false arrest case by failing to establish an absence of probable cause in the pleadings. *See Calderon v. Vill. of Bridgeview*, No. 18 C 8277, 2020 WL 1139252, at *2–3 (N.D. Ill. Mar. 9, 2020) (granting a motion to dismiss a § 1983 false arrest claim against an arresting officer where the plaintiff had pled himself out of court by alleging that the officer had relied on two eyewitness accounts and did not "plausibly allege that [the officer] should have doubted those firsthand accounts").

Here, Mr. Hudson has pled himself out of court because the January 16, 2020, arrest report Hudson appended as Ex. 1 to his amended complaint establishes an independent basis for probable cause beyond the one Hudson alleges the defendants fabricated. As discussed *supra* n.2, the Court takes notice of the facts contained in the arrest report.

The report states that officers "responded to a call of a bomb threat made by an individual inside of a red minivan parked" outside the mosque. 1/16/20 Arrest Report at 2. Taking the allegations in Hudson's complaint as true, the officers fabricated the statement that they saw Hudson in the red vehicle because he was actually walking on the street at the time the officers arrived on the scene. Compl. ¶ 5. The report then states—and Hudson does not allege to the contrary—that the officers observed Hudson pacing around the parking lot and making multiple statements about his displeasure with the mosque. Hudson then stated that "they will have to kill him to get him out of the apartment." 1/16/20 Arrest Report at 2. The responding officers also had to make continual requests for Hudson to stop before they placed him in custody. *Id*. Although Hudson denies getting out of the car (because he alleges the officers fabricated the fact that he was in it when they arrived), he does not allege that the officers fabricated any of the other facts in the report pertaining to their observations of his erratic behavior and statements in the vicinity of the mosque.

Of course, an arrest based solely on fabricated evidence cannot be based on probable cause. *Cf. Manuel v. City of Joliet*, 137 S. Ct. 911, 918–19 (2017) (a probable-cause determination based on falsified evidence "has done nothing to satisfy the Fourth Amendment's probable-cause requirement."). In this case, however, Hudson does not allege facts showing the probable-cause determination was ***based solely*** on allegedly falsified evidence.[7] The totality of the circumstances—Hudson's behavior and statements, as well as the nature of the reported bomb threat—before the officers indicate that it was reasonable to apprehend him based on probable

---

[7] Hudson generally claims he was "arrested without probable cause," Compl. ¶ 11, but he only details the lack of probable cause stemming from the officers' fabrication of his location in the vehicle when the defendant officers arrived on the scene.

cause.[8] In sum, based on Hudson's complaint and exhibits, Hudson has failed to allege a lack of probable cause for his arrest.

For the reasons above, Hudson's allegations do not suffice to state a plausible claim for false arrest. Accordingly, the defendants' motion to dismiss is granted. Because he has had two prior opportunities to amend the complaint, this dismissal is with prejudice. Final judgment will be entered. If Plaintiff wants to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal so that he may pay the appellate filing fee in installments, he must file a motion seeking leave to do so in this Court. *See* Fed. R. App. P. 24(a)(1). Any such motion must include his intended grounds for appeal.

Dated: September 15, 2022

John J. Tharp, Jr.
United States District Judge

---

[8] The defendants argue Hudson has admitted that there was probable cause for his arrest because there was a signed criminal complaint (Ex. 1 to Defs.' motion to dismiss) and a witness statement (1/16/20 Arrest Report at 2) identifying him as the individual who made the threats against the mosque and Martins on January 16, 2020. It is not clear, however, whether the complaint or statements were made before or after the responding officers arrested Hudson. Therefore, the Court does not include these identifications in the assessment of whether there was probable cause at the time of the arrest.